# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-839V
Filed: December 1, 2025

```
* * * * * * * * * * * * *
MARY MICELI,                    *
                                *
            Petitioner,         *
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * *
```

*Laura Levenberg, Esq.*, Muller Brazil, PA, Dresher, PA, for petitioner.
*Emilie Williams, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 13, 2018, Mary Miceli ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq. ("Vaccine Act" or "the Program"). Petitioner alleged that the influenza ("flu") vaccination she received on October 28, 2016 resulted in a left shoulder injury related to vaccine administration ("SIRVA"). Petition, ECF No. 1. A decision issued on July 22, 2025, dismissing petitioner's claim for failure to establish by preponderant evidence that she was entitled to compensation. ECF No. 58.

On September 2, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting a total of $40,252.28, representing $38,898.00 in attorneys' fees and $1,354.28 in costs. Motion for Fees, ECF No. 63. Respondent filed his response on September 22, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 65. Petitioner did not file a reply.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

This matter is now ripe for consideration.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See*

*McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[2]

Petitioner requests the following hourly rates on behalf of the attorneys and paralegals who worked on her case:

| Name[3] | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|
| L.L. | - | - | - | - | $275 | $350 | $375 | - | $425 |
| S.M. | $225 | $233 | $250 | $275 | - | - | - | - | - |
| P.B. | - | - | - | - | $375 | $400 | $425 | - | - |
| Paralegals | $125 or $165 | $125 or $165 | $125, $140, or $165 | $125 or $150 | $125 or $160 | $125 or $160 | $140 or $177 | - | $125, $170, or $180 |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded. *See, e.g., True v. Sec'y of Health & Human Servs.*, No. 21-2110V, 2025 WL 2925068, at *1 (Fed. Cl. Spec. Mstr. Sept. 16, 2025); *Rutherford v. Sec'y of Health & Human Servs.*, No. 18-487V, 2020 WL 6582178, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2020); *Roberts v. Sec'y of Health & Human Servs.*, No. 17-0683V, 2019 WL 1796133, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). Thus, the requested rates are reasonable.

**B.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine

---

[2] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[3] L.L. refers to Laura Levenberg; S.M. refers to Shealene Mancuso; and P.B. refers to Paul Brazil.

Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries overall adequately describe the work performed, and the time billed corresponds with that work. Motion for Fees at 6-20. However, reductions are warranted. Billing for some administrative tasks (e.g., filing documents and preparing documents for filing), even at a paralegal rate, is not compensable. *See, e.g., Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); *Wallace v. Sec'y of Health & Human Servs*., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records is an administrative and noncompensable task). These billing practices have been pointed out to counsel at the Muller Brazil firm in the past. *See, e.g., Santiago v. Sec'y of Health & Human Servs*., No. 21-1562V, 2024 WL 5321763, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 18, 2024) (reducing attorneys' fees for billing for filing, preparing documents for filing, and directing paralegals to file documents and listing cases in which counsel has been warned against these same billing practices). Despite reductions in several prior awards of fees, the same issues exist in the instant motion. Thus, I find a 5% reduction in overall fees to be reasonable, resulting in a total fee award of $36,953.10. Counsel is cautioned that additional reductions will be taken if these billing practices persist.

## C.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,354.28 in costs. Motion for Fees at 2, 22-34. This amount consists of acquiring medical records, the filing fee, the transcript fee, and postage. *Id*. These costs are routinely awarded in vaccine cases and are supported by the receipts filed; thus, the requested amount of $1,354.28 in costs is awarded in full.

## III.     Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part.** Petitioner is hereby awarded a **total of $38,307.38**, representing $36,953.10 in attorneys' fees and $1,354.28 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master